D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
**HEATHER GRAY,**

       **Plaintiff,**

       v.

**AMERICAN PARKINSON DISEASE**
**ASSOCIATION,**

       **Defendant.**
-----------------------------------------------------x

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Heather Gray alleges as follows:

## INTRODUCTION

1. Defendant's website states "All of us at the American Parkinson Disease Association (APDA) support equality for all...." With respect to Plaintiff's pay, this could not be farther from the truth, as she was paid significantly less than her male counterpart at APDA.

## JURISDICTION AND VENUE

2. Plaintiff Heather Gray brings this action against Defendant alleging discrimination claims brought under the Equal Pay Act, 29 U.S. Code §§ 206(d), 216(b) ("EPA"), the New York Equal Pay Act, NYLL § 194 ("NY EPA"), New York City Human Rights Law, ("NYCHRL"), and the New York Administrative Code §§ 8-107(1), et al.

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under Section 1981. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

5. Defendant American Parkinson Disease Association ("APDA") is a New York non-for-profit corporation. APDA aims to "ease the burden" for Americans with Parkinson's disease, as well as for their families, through nationwide Information and Referral Centers and support groups. APDA also pursues efforts to find a cure for Parkinson's, as they fund centers for advanced research and award grants to researchers as means to fund them.

6. Plaintiff Heather Gray ("Plaintiff") is a New York resident that has been employed by Defendant for about 20 years. Her title since 2016 has been Programs and Research Manager.

## BACKGROUND FACTS

7. Plaintiff began working for Defendant in or about the year 2000.

8. Plaintiff is an excellent employee and has consistently received positive employment reviews.

9. In 2016, Plaintiff was promoted to Programs and Research Manager. Her salary was increased to $70,000 and is now $72,000.

10. As Programs and Research Manager, Plaintiff's job duties include managing programs, working on certain portions of the website, administering grant life cycle software, managing the administrative process of receiving and awarding grants proposals, and running a virtual support group program around the country.

11. In or about January 2018, APDA hired Phil Franchina as Manager of IT.

12. Mr. Franchina has the same Manager title as Plaintiff.

13. Mr. Franchina reports to a Vice President, Plaintiff to a Senior Vice President and the President/CEO.

14. Mr. Franchina's job duties include coordinating with vendors that provide IT service to APDA, servicing the website, servicing donor software and other technological issues.

15. Mr. Franchina's starting pay was $90,000.

16. Plaintiff's job and Mr. Franchina's job were not identical. But Plaintiff's duties had at least equal skill, responsibility, and experience required as Mr. Franchina's.

17. Defendant paid Plaintiff less than Mr. Franchina because of her gender and will not be able to point to any *bona fide* factor other than gender to justify paying Plaintiff, a 20 year employee, so much less than Mr. Francina.

18. Plaintiff's pension entitlement when she exercises it will also be significantly impacted by the fact that her salary was suppressed because of her gender.

19. As a result of Defendants' illegal actions, Plaintiff has suffered and continues to suffer lost income and serious emotional distress.

## FIRST CLAIM FOR RELIEF
### Federal Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d), 216(b)

20. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

21. Defendants have discriminated against Plaintiff within the meaning of the Equal Pay Act of 1963, 26 U.S.C. §§ 206 *et seq.*, by paying her less than similarly situated male colleagues even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male counterpart.

22. The differential in pay between male and female employees is/was not due to seniority, merit, quantity or quality of production, or a factor other than sex.

23. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

24. Plaintiff seeks all legal and equitable remedies available for violations of the EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York State Equal Pay Act ("NY EPA"), N.Y. Lab. Law §§ 194, 198

25. Plaintiffs realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26. Defendants have discriminated against Plaintiff within the meaning of the New York Equal Pay Act, N.Y. Lab. Law § 194, by paying her less than a similarly situated male colleague even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male counterpart.

27. The differential in pay between male and female employees is/was not due to seniority, merit, quantity or quality of production, or a bona fide factor other than sex.

28. The foregoing conduct constitutes a willful violation of the New York EPA within the meaning of N.Y. Lab. Law 198(1-a).

29.     Plaintiff seeks all legal and equitable remedies available for violations of the NY EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York City Human Rights Law ("NYCHRL") Discrimination, N.Y.C. Admin. Code §§ 8-101 *et seq.*

30.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31.     Defendants have discriminated against Plaintiff on the basis of her gender by paying her less than similarly situated male employees.

32.     Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

33.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including damages for economic loss and garden variety emotional distress; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

34.     The New York City Commission on Human Rights will be notified and sent a copy of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, liquidated damages, and punitive damages, to be paid by Defendant;

B.     Penalties available under applicable laws;

5

  C. Costs of action incurred herein, including expert fees;

  D. Attorneys' fees;

  E. Pre-judgment and post-judgment interest, as provided by law; and

  F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
   May 6, 2021

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: */s/ D. Maimon Kirschenbaum*  
  D. Maimon Kirschenbaum  
  32 Broadway, Suite 601  
  New York, NY 10004  
  Tel: (212) 688-5640  
  Fax: (212) 688-2548

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.