UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

HEATHER GRAY,

                                         Plaintiff,

            -against-                           Case No. 1:21-cv-02581

AMERICAN PARKINSON DISEASE
ASSOCIATION,

                                         Defendant.

------------------------------------------------------------------X

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant American Parkinson Disease Association, by and through its attorneys, Jackson Lewis P.C., hereby submits the following Answer to Plaintiff's Complaint in connection with the above-captioned action.

### AS TO PLAINTIFF'S ALLEGATIONS REGARDING "INTRODUCTION"

1. Defendant denies each and every allegation set forth in Paragraph "1" of Plaintiff's Complaint.

### AS TO PLAINTIFF'S ALLEGATIONS REGARDING "JURISDICTION AND VENUE"

2. Defendant denies each and every allegation set forth in Paragraph "2" of Plaintiff's Complaint, except acknowledges that Plaintiff has asserted causes of action against Defendant under the Equal Pay Act ("EPA"), the New York Equal Pay Act ("NYEPA"), and the New York City Human Rights Law ("NYCHRL").

3. Paragraph "3" of Plaintiff's Complaint contains conclusions of law as to which no response is required. To the extent a response may be required, Defendant denies each

and every allegation set forth in Paragraph "3" of Plaintiff's Complaint, except acknowledges that Plaintiff seeks to invoke the Court's jurisdiction over Plaintiff's purported: (1) federal claim pursuant to 28 U.S.C. § 1331; and (2) state law claims pursuant to Article III of the United States Constitution.

4. Paragraph "4" of Plaintiff's Complaint contains conclusions of law as to which no response is required.  To the extent a response may be required, Defendant denies each and every allegation set forth in Paragraph "4" of Plaintiff's Complaint.

**AS TO PLAINTIFF'S ALLEGATIONS
REGARDING "THE PARTIES"**

5. Defendant denies each and every allegation set forth in Paragraph "5" of Plaintiff's Complaint, except admits that Defendant is a New York not-for-profit corporation.

6. Defendant denies each and every allegation set forth in Paragraph "6" of Plaintiff's Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence.

**AS TO PLAINTIFF'S ALLEGATIONS
REGARDING "BACKGROUND FACTS"**

7. Defendant admits the allegations set forth in Paragraph "7" of Plaintiff's Complaint.

8. Defendant denies each and every allegation set forth in Paragraph "8" of Plaintiff's Complaint.

9. Defendant denies each and every allegation set forth in Paragraph "9" of Plaintiff's Complaint.

10. Defendant denies each and every allegation set forth in Paragraph "10" of Plaintiff's Complaint.

11. Defendant denies each and every allegation set forth in Paragraph "11" of Plaintiff's Complaint, except admits that Defendant hired Phil Franchina on or about January 16, 2018.

12. Defendant denies each and every allegation set forth in Paragraph "12" of Plaintiff's Complaint.

13. Defendant denies each and every allegation set forth in Paragraph "13" of Plaintiff's Complaint.

14. Defendant denies each and every allegation set forth in Paragraph "14" of Plaintiff's Complaint.

15. Defendant admits the allegations set forth in Paragraph "15" of Plaintiff's Complaint.

16. Defendant denies each and every allegation set forth in Paragraph "16" of Plaintiff's Complaint.

17. Defendant denies each and every allegation set forth in Paragraph "17" of Plaintiff's Complaint.

18. Defendant denies each and every allegation set forth in Paragraph "18" of Plaintiff's Complaint.

19. Defendant denies each and every allegation set forth in Paragraph "19" of Plaintiff's Complaint.

### AS TO PLAINTIFF'S ALLEGATIONS REGARDING "FIRST CLAIM FOR RELIEF Federal Equal Pay Act ('EPA'), 29 U.S.C. §§ 206(d), 216(b)"

20. Defendant repeats and reasserts its responses to the allegations set forth in Paragraphs "1" through "19" of Plaintiff's Complaint, as if set forth in their entirety herein.

21. Defendant denies each and every allegation set forth in Paragraph "21" of Plaintiff's Complaint.

22. Defendant denies each and every allegation set forth in Paragraph "22" of Plaintiff's Complaint.

23. Defendant denies each and every allegation set forth in Paragraph "23" of Plaintiff's Complaint.

24. Defendant denies each and every allegation set forth in Paragraph "24" of Plaintiff's Complaint.

**AS TO PLAINTIFF'S ALLEGATIONS REGARDING
"SECOND CLAIM FOR RELIEF
New York State Equal Pay Act ('NY EPA'), N.Y. Lab. Law §§ 194, 198"**

25. Defendant repeats and reasserts its responses to the allegations set forth in Paragraphs "1" through "24" of Plaintiff's Complaint, as if set forth in their entirety herein.

26. Defendant denies each and every allegation set forth in Paragraph "26" of Plaintiff's Complaint.

27. Defendant denies each and every allegation set forth in Paragraph "27" of Plaintiff's Complaint.

28. Defendant denies each and every allegation set forth in Paragraph "28" of Plaintiff's Complaint.

29. Defendant denies each and every allegation set forth in Paragraph "29" of Plaintiff's Complaint.

## AS TO PLAINTIFF'S ALLEGATIONS REGARDING "THIRD CLAIM FOR RELIEF
### New York City Human Rights Law ('NYCHRL') Discrimination, N.Y.C. Admin. Code §§ 8-101 *et seq.*"

30. Defendant repeats and reasserts its responses to the allegations set forth in Paragraphs "1" through "29" of Plaintiff's Complaint, as if set forth in their entirety herein.

31. Defendant denies each and every allegation set forth in Paragraph "31" of Plaintiff's Complaint.

32. Defendant denies each and every allegation set forth in Paragraph "32" of Plaintiff's Complaint.

33. Defendant denies each and every allegation set forth in Paragraph "33" of Plaintiff's Complaint.

34. Paragraph "34" of Plaintiff's Complaint does not contain an allegation to which a response is required.

### AS TO PLAINTIFF'S ALLEGATIONS REGARDING "PRAYER FOR RELIEF"

35. Defendant denies each and every allegation set forth in the "Wherefore" Clause contained in Plaintiff's Complaint, inclusive of sub-paragraphs (A) through (F).

### STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

36. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that Defendant otherwise would not have.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

37. Plaintiff's Complaint fails, in whole or in part, to state any claim against Defendant upon which relief can be granted or for which the damages, relief or other recovery sought can be awarded.

**AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**

38. At all times relevant hereto, Defendant has acted in good faith based on reasonable factors and has not violated any rights which may be secured to Plaintiff under any federal, state, city, local or other laws, rules, regulations, codes or guidelines.

**AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE**

39. At all times relevant hereto, Defendant's actions regarding Plaintiff were based upon legitimate, non-discriminatory reasons.

**AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

40. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

41. Plaintiff fails to state a claim under the EPA because she is unable to identify any male employee who was paid a higher wage rate than she was for performing equal work.

**AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE**

42. Plaintiff fails to state a claim under the NY EPA because she is unable to identify any male employee who was paid a higher wage rate than she was for performing substantially similar work.

**AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE**

43. Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, consent, laches, duress, illegality, license, payment, release, the after-acquired evidence doctrine, and/or the unclean hands doctrine.

**AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE**

44. Any pay differential between Plaintiff and any male employee who was performing equal or substantially similar work was permissible because it was based on a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a bona fide factor other than gender.

**AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE**

45. Any pay differential between Plaintiff and any male employee who was performing equal or substantially similar work was permissible because it was based on a bona fide factor other than gender that was job related and consistent with business necessity.

**AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claim for discrimination is barred, in whole or in part, because Defendant did not subject Plaintiff to treatment which was different than, or unequal to, the treatment Defendant accorded to others who were similarly situated to Plaintiff.

47. Defendant reserves the right to amend and/or to add additional affirmative defenses or counterclaims which may become known during the course of disclosure.

WHEREFORE, Defendant respectfully requests the Court to:

1. Dismiss Plaintiff's Complaint in its entirety, with prejudice;
2. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;
3. Award Defendant the reasonable attorneys' fees and costs Defendant incurs in defending this proceeding; and
4. Grant Defendant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        JACKSON LEWIS P.C.
          44 South Broadway, 14th Floor
          White Plains, New York  10601
          914-872-8060
          Isaac.Burker@jacksonlewis.com


By: */s/ Isaac J. Burker*
   Isaac J. Burker

ATTORNEYS FOR DEFENDANT

Dated: June 2, 2021
    White Plains, New York

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HEATHER GRAY,

                                Plaintiff,

               -against-                            Case No. 1:21-cv-02581

AMERICAN PARKINSON DISEASE
ASSOCIATION,

                                Defendant.

-------------------------------------------------------------------X

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant's Answer To Plaintiff's Complaint has been served via ECF, this 2nd day of June, 2021, on Plaintiff's counsel of record at the address set forth below:

D. Maimon Kirschenbaum, Esq.
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
T: 212-688-5640
maimon@jk-llp.com
*Attorneys for Plaintiff*

                                                    */s/ Isaac J. Burker*
                                                    Isaac J. Burker, Esq.

4821-2722-7883, v. 1