# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

June 17, 2021

**VIA ECF**

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Gray v. American Parkinson Disease Association, No. 21-CV-2581 (BMC) –
Joint Letter**

Dear Judge Cogan:

We represent Plaintiff Heather Gray in the above referenced matter and submit this letter jointly with Defendant American Parkinson Disease Association pursuant to the Court's Order for Pretrial Conference. (Dkt. No. 6). The Parties' Conference before your Honor is scheduled for June 22, 2021 at 11:45AM.

**<u>Plaintiff</u>**

Plaintiff worked for Defendant for over 20 years, and in 2016, she was promoted to Programs and Research Manager, whereby her salary was increased from $70,000 to $72,000. Plaintiff brings claims under the Federal Equal Pay Act, 29 U.S.C. §§ 206(d) ("EPA"), the New York Equal Pay Act, N.Y. Lab. Law § 194 ("NY EPA"), and the New York City Human Rights Law, N.Y. Admin. Code §§ 8-107(1) ("NYCHRL") for unlawful sex-based pay discrimination. Specifically, Plaintiff alleges that she was paid at least $18,000 per year less than a similarly situated male co-worker and that Plaintiff's job duties required at least the same skill, responsibility, and experience as was required by this co-worker's duties. *See EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254-55 (2d Cir. 2014).

This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the EPA claims[1] and supplemental jurisdiction over the state and city claims, as they are so related to the EPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

---

[1] Plaintiff's Complaint contains a typographical error regarding the alleged basis for this Court's subject matter jurisdiction. The Complaint incorrectly states that this Court has original federal jurisdiction because Plaintiff alleges a Section 1981 claim – a claim which Plaintiff has not asserted here. (Dkt. No. 1 ¶ 3). Plaintiff intended to state that the Court's jurisdiction is based on Plaintiff's EPA claim. This error does not actually affect the Court's jurisdiction because Plaintiff has sufficiently alleged her federal EPA claim; however, should the Court deem this error material, Plaintiff will amend the Complaint accordingly.

Plaintiff contemplates that, at the close of discovery, she may seek leave to move for summary judgment under Federal Rule of Civil Procedure 56.

**<u>Defendant</u>**

Defendant's primary defenses to Plaintiff's claims are twofold.  First, Plaintiff was not similarly situated to Phil Franchina (Plaintiff's purported male comparator) because Plaintiff's job duties as Programs & Research Manager were not substantially similar to Mr. Franchina's job duties as Manager, Systems and Information Technology. Second, and perhaps more importantly, even if the Court were to ultimately determine that Plaintiff's job duties were substantially similar to Mr. Franchina's job duties, the salary differential between Plaintiff and Mr. Franchina was based on factors other than sex. Specifically, prior to identifying anyone (male or female) to fill the newly-created position of Manager, Systems and Information Technology, Defendant worked with an outside compensation consultant who suggested the salary that Defendant wound up paying to Mr. Franchina. Therefore, as the salary for the Manager, Systems and Information Technology position was set prior to identifying a male or female for the role, the gender of Plaintiff and Mr. Franchina clearly played no part in the salary differential.

At the close of discovery, Defendant intends to seek leave to file a summary judgment motion pursuant to Federal Rule of Civil Procedure 56.

Respectfully Submitted,

JOSEPH & KIRSCHENBAUM LLP

*/s/Michael DiGiulio*
Michael DiGiulio

*Attorneys for Plaintiff*